**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF TEXAS**
**SHERMAN DIVISION**

| | | |
|---|---|---|
| SUE GREER, | § | Case No. 4:16-cv-943 |
| Plaintiff, | § | |
| vs. | § | |
| ATHENE ANNUITY AND LIFE ASSURANCE COMPANY, | § | |
| Defendant. | § | |

**DEFENDANT ATHENE ANNUITY & LIFE ASSURANCE COMPANY'S NOTICE OF REMOVAL**

PLEASE TAKE NOTICE that Defendant Athene Annuity and Life Assurance Company ("Athene" or "Defendant"), contemporaneously with the filing of this Notice, is effecting the removal of the action described below from the 62nd Judicial District Court of Lamar County, Texas to the United States District Court for the Eastern District of Texas, Sherman Division, pursuant to 28 U.S.C. §§ 1332 and 1441(a)–(b).

## I. PLEADINGS AND PROCESS

1. On November 16, 2016, Plaintiff Sue Greer filed her Original Petition in the 62nd Judicial District Court of Lamar County, Texas, captioned *Sue Greer v. Athene Annuity & Life Assurance Company*, which was assigned case number 85990 (the "State Court Action"). The Original Petition is based upon Athene's alleged improper denial of Plaintiff's claim for the death proceeds of Policy No. 004636117S (the "Policy"). While not clear, the Original Petition appears to contain causes of action for breach of contract, breach of the implied covenant of good faith and fair dealing, and violations of the Texas Insurance Code.

2. Attached as Exhibit A hereto is a true and correct copy of all the process, pleadings, notices, and orders delivered to any party in the State Court Action, as well as a certified copy of the State Court Action docket sheet.

3. Athene was served with a copy of the Original Petition on November 21, 2016 by certified mail.

## II. DIVERSITY JURISDICTION

4. This Court has original federal subject matter jurisdiction over this action under 28 U.S.C. § 1332(a) and it may be removed to this Court by Athene pursuant to § 1441(b) of that Title because complete diversity of citizenship between Plaintiff and Athene existed at the time of this action's filing and the amount in controversy exceeds $75,000, exclusive of interests and costs.

### A. Citizenship of Plaintiff

5. Plaintiff Sue Greer is a citizen of Paris, Texas. (Pet. at ¶ 2).

### B. Citizenship of Defendant

6. Athene Annuity & Life Assurance Company was at the time of the filing of this lawsuit, and is now, a corporation existing under the laws of the State of Delaware, with its principal place of business in Greenville, South Carolina. Athene is therefore a citizen of the State of Delaware and the State of South Carolina for the purposes of this Notice of Removal. 28 U.S.C. § 1332(c)(1); *Tewari De-Ox Sys., Inc. v. Mountain States/Rosen, Ltd. Liab. Corp.*, 757 F. 3d 481, 483 (5th Cir. 2014) ("For the purposes of diversity jurisdiction, a corporation is a citizen of the state in which it was incorporated and the state in which it has its principal place of business.").

**C. Amount in Controversy**

*7.* While not entirely clear, the Original Petition appears to allege causes of action for breach of contract, breach of the implied covenant of good faith and fair dealing, and violations of the Texas Insurance Code. The Original Petition seeks actual damages of $32,000.00, punitive damages of $30,000.00, attorneys' fees in the amount of $10,000.00, and "other and further relief to which Plaintiff shall show herself justly entitled." (Pet. at Prayer for Relief). Plaintiff contends that the value of her claim "at the time of filing, exclusive of interest and costs, is less than $75,000.00." (Pet. at ¶ 16). As set forth below, it is clear that Plaintiff's damage allegations are asserted in a thinly-veiled attempt to avoid removal of this lawsuit -- a tactic expressly prohibited in the Fifth Circuit.[1] "[W]hen a plaintiff specifically pleads he seeks damages less than $75,000, the Fifth Circuit permits a removing defendant to demonstrate, by a

---

[1] *See Chavez v. State Farm Lloyds*, No. 7:15-CV-487, 2016 WL 641634, at *2 (S.D. Tex. Feb. 18, 2016) ("In Texas, the law does not permit a plaintiff to plead for a specific amount. Rather, Rule 47 requires a pleading to contain a statement that the damages sought are within the jurisdictional limits of the court, and a statement that the party seeks a pre-defined range of damages. Contrary to Plaintiff's protestations, while it is true that Texas Rule of Civil Procedure 47 was amended 'to require a more specific statement of the relief sought by a party,' Texas law simply does not permit a plaintiff to plead that he or she seeks damages not to exceed $75,000. Thus, a specific demand such as Plaintiff's cannot be deemed the amount in controversy because '[s]uch manipulation is surely characterized as bad faith.' These considerations inform the Court that instead of pleading a legitimate estimation of damages in this case, '[a]s a functional matter, [Plaintiff is] attempting to avoid federal jurisdiction.' Thus, Plaintiff's specific sum does not control the Court's analysis.") (citations omitted); *Ford v. United Parcel Serv., Inc. (Ohio)*, No. 3:14-CV-1872-D, 2014 WL 4105965, at *2 (N.D. Tex. Aug. 21, 2014) ("[W]hen, in contravention of state law, a plaintiff specifically alleges that her damages will not exceed the jurisdictional amount, her pleading is not made in good faith and the deference typically afforded the plaintiff's pleading does not apply . . . Tex. R. Civ. P. 47(c) requires that Texas plaintiffs plead in certain predefined damage ranges: e.g., 'only monetary relief of $100,000 or less,' or 'monetary relief over $100,000 but not more than $200,000.' But [plaintiff] pleaded in her petition for all damages available, 'provided, Plaintiff seeks a final judgment, exclusive of interest and costs, not to exceed $74,000.' There is no provision in Rule 47 permitting a plaintiff to plead for damages 'not to exceed $74,000,' as [plaintiff] has here. Because [plaintiff] has purposefully contravened the Texas rules governing pleading requirements so as to avoid federal jurisdiction, her pleading is not in good faith, and the sum claimed in her petition does not control.").

preponderance of the evidence, that the amount in controversy actually exceeds the jurisdictional minimum." *Greco v. Jones*, 992 F. Supp. 2d 693, 699 (N.D. Tex. 2014) (citing *De Aguilar v. Boeing Co.*, 47 F.3d 1404, 1411 (5th Cir. 1995)); *De Aguilar v. Boeing Co.*, 47 F.3d 1404, 1410-11 (5th Cir. 1995) ("The inquiry, however, does not end merely because the plaintiff alleges damages below the threshold. The face of the plaintiff's pleading will not control if made in bad faith . . . Accordingly, we hold that if a defendant can show that the amount in controversy actually exceeds the jurisdictional amount, the plaintiff must be able to show that, as a matter of law, it is certain that he will not be able to recover more than the damages for which he has prayed in the state court complaint.").

A defendant may establish that the amount in controversy satisfies the jurisdictional minimum in two different ways: "First, it may show that it is 'facially apparent' that the amount in controversy exceeds $75,000.00, by demonstrating that the plaintiff's claims, if vindicated, would yield damages greater than this amount. Second, if the amount in controversy is not facially apparent, the defendant may produce summary judgment-type evidence to show that the amount in dispute satisfies the jurisdictional minimum." *Jones*, 992 F. Supp. 2d at 699. Describing the showing required by the removing defendant, the Fifth Circuit has explained that "[t]he test is whether it is more likely than not that the amount of the claim will exceed [the jurisdictional threshold]." *St. Paul Reinsurance Co. v. Greenberg*, 134 F.3d 1250, 1254, n.13 (5th Cir. 1998).

As an initial matter, Plaintiff understates her potential actual damages. Specifically, the Policy's death benefit at the time of the insured's death was $39,684.23. (*See* Josie Wright Affidavit at ¶ 2, attached hereto as Exhibit B). Indeed, Plaintiff's counsel confirmed via email on December 7, 2016, that the actual damage amount stated in the Original Petition is inaccurately

low, and that after reviewing the relevant documents, the actual damage amount "is over $38,000.00." (Camden Chancellor Verified Statement, at ¶ 4 and Exhibit B thereto, attached hereto as Exhibit C). Using the correct $39,684.23 amount, in addition to the requested $30,000.00 in punitive damages and $10,000.00 attorneys' fees, Plaintiff's purported damages would total $79,684.23, exclusive of interest and costs.

Moreover, Plaintiff seeks damages under the Texas Insurance Code, which provides statutory damages for attorneys' fees, statutory interest on the claim amount at the rate of 18 percent per annum, and three times actual damages. TEX. INS. CODE ANN. §§ 541.152 and 542.060.[2] In other words, if Plaintiff is successful on this claim, the statutory damages under the Texas Insurance Code alone would exceed the minimum $75,000.00 threshold. The case of *Wofford v. Allstate Ins. Co.*, No. 304CV2699, 2005 WL 755761 (N.D. Tex. April 4, 2005), is instructive on this point. In *Wofford*, the plaintiff's original petition alleged actual damages of $35,594.00, as well as unspecified statutory penalties under the Texas Insurance Code. *Wofford*, 2005 WL 755761, at * 2. In denying the plaintiff's motion to remand, the court held that it was facially apparent that the original petition claimed damages exceeding $75,000.00, recognizing that "pursuant to the Texas Insurance Code, Plaintiff may receive court costs, attorney's fees, and three times the amount of actual damages, if the fact finder determines that [the insurer] knowingly committed acts violating the Code." *Id.* Here, Plaintiff's purported actual damages

---

[2] *See also Greenberg*, 134 F.3d at 1253 ("[I]n addition to policy limits and potential attorney's fees, items to be considered in ascertaining the amount in controversy when the insurer could be liable . . . are *inter alia* penalties, statutory damages, and punitive damages," and recognizing that statutory damages of 18 percent per annum interest under the Texas Insurance Code must be included in determining amount in controversy); *Coburn v. Am. Gen. Life & Acc. Ins. Co.*, No. CIV.A. H-12CV3678, 2013 WL 2289937, at *2 (S.D. Tex. May 22, 2013) ("Included in the amount of controversy are penalties, statutory damages, punitive damages, potential attorney's fees, and treble damages under the DTPA and the Texas Insurance Code.").

($39,684.23) exceed those in *Wofford*, confirming that the value of Plaintiff's claims more likely than not exceed the jurisdictional minimum.

In addition, it should also be noted that Plaintiff's Original Petition seeks punitive damages of $30,000.00, *less than one times* the amount of her alleged actual damages. (Pet. at ¶ 16). When punitive damages are awarded, they are generally calculated at a ratio of at or above one times the amount of compensatory damages.[3] Even applying a single multiplier to Plaintiff's alleged compensatory damages would cause her claims to exceed the jurisdictional minimum: $39,684.23 in actual damages plus $39,684.23 in punitive damages would total $79,368.46. It is evident that Plaintiff values her punitive damage claim far above one times the amount of compensatory damages she may be awarded. After all, Plaintiff alleges that John Grisham's *The Rainmaker* "provides an excellent example of the tactics and strategy of [Athene] and probably effectively explains the actions of Athene." (Pet. at ¶ 13). In that fictional case, the jury awarded an insured punitive damages of $50,000,000.00 -- *more than 333 times the compensatory damage award of $150,000.00*.

Finally, Plaintiff's counsel agreed to file a binding stipulation limiting damages to under $75,000.00 on December 6, 2016, only to back out of this agreement one day later. (Camden Chancellor Verified Statement, at ¶¶ 2 – 4 and Exhibit B thereto, attached hereto as Exhibit C). Specifically, Plaintiff's counsel sent the following email withdrawing Plaintiff's agreement:

> Camden:
>
> I just met with my client and reviewed the mortage [sic] balance from the mortage [sic] company documents for the first time. The outstanding prinicipal [sic] balance is over $38,000 at this time, not the $32,000 that I thought it was. I am

[3] *See also Williams v. State Farm Mut. Auto. Ins. Co.*, 931 F. Supp. 469, 472 (S.D. Tex. 1995) ("Among other things, the Court may bring 'common sense' to bear in making the amount in controversy determination.").

> sending you a demand letter shortly (with copies of the documents) that will reflect that amount together with $10,000 for attorneys fees.
>
> While this case can certainly be resolved, and easily [sic], for well under $75,000 at this time, and while I would move to remand if it is removed under the current pleadings, if this case is dragged out by the insurance company and I have to spend money to bring in an expert (courts frown on me testifying as my own expert even though I am qualified to do so) I am going to amend the pleadings and the final amount in controversy could well be over $75,000.
>
> So, under the circumstances, I can no longer agree to the stipulation [sic] we discussed. But before you remove this case to Sherman in the Eastern Distict [sic] (where it would go from Paris) you should really consider if your client is any better off there. And if we don't resolve this shortly, when I amend I will give you a nice clean removal document--meaning your 30 days does not start to run until jurisdiction appears from the pleadings--should you decide you want to be in federal court.
>
> Mike Mosher

(*Id.*). The fact that Plaintiff's counsel refuses to stipulate to the damages limitation speaks volumes; indeed, it confirms that Plaintiff actually values this case above $75,000.00. *See Noyola v. State Farm Lloyds*, No. 7:13-CV-146, 2013 WL 3353963, at *2-3 (S.D. Tex. July 3, 2013) (recognizing Plaintiff's failure to agree to defendant's request to stipulate to an amount in controversy below the jurisdictional threshold was evidentiary support that the amount-in-controversy "more likely than not" exceeded the jurisdictional threshold); *Santiago v. State Farm Lloyds*, No. 7:13-CV-83, 2013 WL 1880845, at *4 (S.D. Tex. May 3, 2013) (recognizing "[n]umerous other district courts have considered a refusal to stipulate as a factor in determining the amount in controversy," and holding plaintiff's refusal to stipulate was "indicative that the amount in controversy likely exceeds the jurisdictional threshold").[4]

[4] The case of *Wilson v. Hibu Inc.*, No. 3:13-CV-2012-L, 2013 WL 5803816, at *6 (N.D. Tex. Oct. 28, 2013), is instructive here. In denying the plaintiff's motion to remand and finding the alleged damages amount "more likely than not" exceeded the jurisdictional threshold, the court recognized: "At the time Wilson filed Plaintiff's Petition and Plaintiff's Original Petition, she clearly contemplated the possibility or probability of the action being removed to federal court;

## III. THE REMOVAL IS TIMELY

8. Athene first received a copy of Plaintiff's Original Petition on November 21, 2016, and this Notice of Removal was filed within 30 days of that date.

9. Athene is the only properly-served named defendant. As such, no other defendant(s) need join or consent to removal.

10. Athene has sought no similar relief with respect to this matter.

## IV. LOCAL RULE CV-81 REQUIREMENTS

11. Pursuant to CV-81(c)(1), the following is a list of all parties in this case: Plaintiff Sue Greer and Defendant Athene Annuity & Life Assurance Company. At the time of removal, this matter was actively pending in the 62nd Judicial District Court of Lamar County, Texas.

12. Pursuant to CV-81(c)(2), a civil cover sheet is being filed concurrently herewith. A certified copy of the docket sheet in the State Court Action, as well as all pleadings asserted in the State Court Action, are attached hereto as Exhibit A.

13. Pursuant to CV-81(3), the following is a complete list of the attorneys currently involved in this lawsuit:

Jake Kauffman (Tx. Bar No. 24080594)
Camden B. Chancellor (Tx. Bar No. 24082800)
Galloway Johnson Tompkins Burr & Smith, PLC

---

otherwise, the reference in her state court pleadings that she only seeks 'monetary relief aggregating $75,000 or less' is meaningless. A federal court only has jurisdiction if the amount in controversy exceeds $75,000, and by including the language '$75,000 or less' in her pleadings, Plaintiff was consciously stating an amount to avoid federal jurisdiction and removal. As Plaintiff was fully aware of and contemplated the reality of removal at the time she filed Plaintiff's Petition and Plaintiff's Original Petition, the court does not understand Plaintiff's failure to take the next step and file in conjunction with her state court pleadings a binding affidavit or stipulation that the amount in controversy or her damages did not exceed $75,000." Here, despite Plaintiff's allegation in the Original Petition that the value of her claims is "less than $75,000.00," the fact that Plaintiff refuses to execute a binding affidavit or stipulation regarding the same illustrates that Plaintiff's damage allegations are intentionally understated to thwart removal.

14643 Dallas Parkway, Suite 625
Dallas, Texas 75254
Phone: 214-545-6389
Attorneys for Defendant Athene Annuity and Life Assurance Company

Michael D. Mosher (Tx. Bar No. 14580100)
Roland A. Mosher (Tx. Bar No. 24098147)
The Mosher Justice Center
50 North Main Street
Paris, Texas 75460
Phone: 903-785-4721
Attorneys for Plaintiff Sue Greer

14. Pursuant to CV-81(4), Plaintiff requested trial by jury in her Original Petition. (*See* Exhibit A).

15. Pursuant to CV-81(5), this case is being removed from the 62nd Judicial District Court of Lamar County, Texas, located at 119 North Main, Paris, Texas 75460.

## V. ALL OTHER REMOVAL PREREQUISITES HAVE BEEN SATISFIED

16. Venue is proper in this district and division under 28 U.S.C. § 1446(a) because this district and division embrace the place in which the removed State Court Action is pending.

17. So far as Athene is aware, no further proceedings have occurred in the State Court Action.

18. A Notice of Filing Notice of Removal, with a copy of this Notice of Removal attached, will promptly be filed with the 62nd Judicial District Court of Lamar County, Texas.

19. Written notice of the filing of this Notice of Removal will be given to the adverse party as required by law.

20. Athene has tendered the requisite filing fee to the Clerk of the United States District Court for the Eastern District of Texas, Sherman Division.

21. The allegations of this Notice are true and correct, and this action is within the jurisdiction of the United States District Court for the Eastern District of Texas, Sherman

Division, and is removable to the United States District Court for the Eastern District of Texas, Sherman Division.

22. If any question arises to the propriety of the removal of this action, Athene respectfully requests the opportunity to submit a brief and present oral argument in support of its positions expressed herein.

Dated: December 12, 2016

Respectfully submitted,

*/s/ Jake Kauffman*
Jake Kauffman
Federal I.D. No. 2348262
State Bar No. 24080594

OF COUNSEL:
GALLOWAY, JOHNSON, TOMPKINS
BURR & SMITH
1301 McKinney Suite 1400
Houston, Texas 77010
(713) 599-0700 – Telephone
(713) 599-0777 – Facsimile
**ATTORNEYS FOR DEFENDANT**
**ATHENE ANNUITY & LIFE ASSURANCE COMPANY**

**CERTIFICATE OF SERVICE**

I hereby certify that a copy of the foregoing has been served upon the following counsel of record via first-class United States mail on this 12th day of December, 2016:

**Michael D. Mosher**
**Roland A. Mosher**
Attorneys for Plaintiff
The Mosher Justice Center
50 North Main
Paris, Texas 75460
(903) 785-4721
mdm@mosherjusticecenter.com
ram@mosherjusticecenter.com

*/s/* Jake Kauffman
OF COUNSEL