# **EXHIBIT A**

# CIVIL DOCKET

| Cause No.<br>Kind of Action | 85990<br>Contract - Consumer/Commercial/Debt | Court<br>File Date | 62nd District Court<br>11/16/2016 |
|---|---|---|---|

| Style | Attorneys |
|---|---|
| Sue Greer<br>vs.<br>Athene Annuity & Life Assurance Company | MICHAEL MOSHER |

Jury Demanded by: _____
Jury Fee:  $_____
Paid by: _____

| Date | Order of Court | Process |
|---|---|---|
|  |  |  |
|  |  |  |
|  |  |  |
|  |  |  |
|  |  |  |
|  |  |  |
|  |  |  |
|  |  |  |
|  |  |  |
|  |  |  |
|  |  |  |
|  |  |  |
|  |  |  |
|  |  |  |
|  |  |  |
|  |  |  |

CASE NO: 85990

I HEREBY CERTIFY THAT THE AFORESAID IS A TRUE
AND CORRECT COPY ON FILE OR OF RECORD IN THE
62 JUDICIAL DISTRICT COURT, LAMAR CO., TX
SIGNED AND SEALED THIS __8__ DAY OF _December_
__2016__ A.D.
SHAWNTEL GOLDEN, DISTRICT CLERK
BY: _____ DEPUTY

Filed 12/16/2016 3:41:09 PM
Shawntel Golden
District Clerk
Lamar County, Texas

85990
Lamar County - 62nd District Court

Kristen Boehler

# CIVIL CASE INFORMATION SHEET

| | |
|---|---|
| CAUSE NUMBER *(FOR CLERK USE ONLY)*: | COURT *(FOR CLERK USE ONLY)*: |

**STYLED SUE GREER VS. ATHENE ANNUITY & LIFE ASSURANCE COMPANY**
(e.g., John Smith v. All American Insurance Co; In re Mary Ann Jones; In the Matter of the Estate of George Jackson)

A civil case information sheet must be completed and submitted when an original petition or application is filed to initiate a new civil, family law, probate, or mental health case or when a post-judgment petition for modification or motion for enforcement is filed in a family law case. The information should be the best available at the time of filing.

---

**1. Contact information for person completing case information sheet:**

Name:
Michael D. Mosher

Address:
50 North Main

City/State/Zip:
Paris TX   75460

Signature:
_/s/ Michael D. Mosher_____

Email:
mdm@mosherjusticectr.com

Telephone:
903/785-4721

Fax:
903/785-5319

State Bar No:
14580100

**Names of parties in case:**

Plaintiff(s)/Petitioner(s):

SUE GREER

Defendant(s)/Respondent(s):

ATHENE ANNUITY & LIFE ASSURANCE COMPANY

[Attach additional page as necessary to list all parties]

**Person or entity completing sheet is:**
- ☒ Attorney for Plaintiff/Petitioner
- ☐ Pro Se Plaintiff/Petitioner
- ☐ Title IV-D Agency
- ☐ Other: ___

Additional Parties in Child Support Case:

Custodial Parent:

Non-Custodial Parent:

Presumed Father:

---

**2. Indicate case type, or identify the most important issue in the case (select only 1):**

## Civil

### Contract

*Debt/Contract*
- ☐ Consumer/DTPA
- ☐ Debt/Contract
- ☒ Fraud/Misrepresentation
- ☐ Other Debt/Contract:

*Foreclosure*
- ☐ Home Equity—Expedited
- ☐ Other Foreclosure
- ☐ Franchise
- ☐ Insurance
- ☐ Landlord/Tenant
- ☐ Non-Competition
- ☐ Partnership
- ☐ Other Contract:

### Injury or Damage
- ☐ Assault/Battery
- ☐ Construction
- ☐ Defamation
*Malpractice*
- ☐ Accounting
- ☐ Legal
- ☐ Medical
- ☐ Other Professional Liability: ___
- ☐ Motor Vehicle Accident
- ☐ Premises
*Product Liability*
- ☐ Asbestos/Silica
- ☐ Other Product Liability List Product:
- ☐ Other Injury or Damage:

### Real Property
- ☐ Eminent Domain/Condemnation
- ☐ Partition
- ☐ Quiet Title
- ☐ Trespass to Try Title
- ☐ Other Property:

### Related to Criminal Matters
- ☐ Expunction
- ☐ Judgment Nisi
- ☐ Non-Disclosure
- ☐ Seizure/Forfeiture
- ☐ Writ of Habeas Corpus— Pre-indictment
- ☐ Other: ___

### Employment
- ☐ Discrimination
- ☐ Retaliation
- ☐ Termination
- ☐ Workers' Compensation
- ☐ Other Employment:

### Other Civil
- ☐ Administrative Appeal
- ☐ Antitrust/Unfair Competition
- ☐ Code Violations
- ☐ Foreign Judgment
- ☐ Intellectual Property
- ☐ Lawyer Discipline
- ☐ Perpetuate Testimony
- ☐ Securities/Stock
- ☐ Tortious Interference
- ☐ Other: ___

## Family Law

### Marriage Relationship
- ☐ Annulment
- ☐ Declare Marriage Void
*Divorce*
- ☐ With Children
- ☐ No Children

### Post-judgment Actions (non-Title IV-D)
- ☐ Enforcement
- ☐ Modification—Custody
- ☐ Modification—Other

### Title IV-D
- ☐ Enforcement/Modification
- ☐ Paternity
- ☐ Reciprocals (UIFSA)
- ☐ Support Order

### Other Family Law
- ☐ Enforce Foreign Judgment
- ☐ Habeas Corpus
- ☐ Name Change
- ☐ Protective Order
- ☐ Removal of Disabilities of Minority
- ☐ Other:

### Parent-Child Relationship
- ☐ Adoption/Adoption with Termination
- ☐ Child Protection
- ☐ Child Support
- ☐ Custody or Visitation
- ☐ Gestational Parenting
- ☐ Grandparent Access
- ☐ Paternity/Parentage
- ☐ Termination of Parental Rights
- ☐ Other Parent-Child:

### Tax
- ☐ Tax Appraisal
- ☐ Tax Delinquency
- ☐ Other Tax

## Probate & Mental Health

*Probate/Wills/Intestate Administration*
- ☐ Dependent Administration
- ☐ Independent Administration
- ☐ Other Estate Proceedings
- ☐ Guardianship—Adult
- ☐ Guardianship—Minor
- ☐ Mental Health
- ☐ Other: ___

---

**3. Indicate procedure or remedy, if applicable (may select more than 1):**

| ☐ Appeal from Municipal or Justice Court | ☐ Declaratory Judgment | ☐ Prejudgment Remedy |
| ☐ Arbitration-related | ☐ Garnishment | ☐ Protective Order |
| ☐ Attachment | ☐ Interpleader | ☐ Receiver |
| ☐ Bill of Review | ☐ License | ☐ Sequestration |
| ☐ Certiorari | ☐ Mandamus | ☐ Temporary Restraining Order/Injunction |
| ☐ Class Action | ☐ Post-judgment | ☐ Turnover |

**4.  Indicate damages sought (*do not select if it is a family law case*):**

☐ Less than $100,000, including damages of any kind, penalties, costs, expenses, pre-judgment interest, and attorney fees
☐ Less than $100,000 and non-monetary relief
☐ Over $100, 000 but not more than $200,000
☐ Over $200,000 but not more than $1,000,000
☐ Over $1,000,000

Filed 11/16/2016 3:41:09 PM
Shawntel Golden
District Clerk
Lamar County, Texas

Kristen Boehler

85990

CAUSE NO. _____

| | | |
|---|---|---|
| SUE GREER, | § | IN THE DISTRICT COURT |
| | § | |
| PLAINTIFF, | § | |
| | § | |
| VS. | § | LAMAR COUNTY, TEXAS |
| | § | |
| ATHENE ANNUITY & | § | |
| LIFE ASSURANCE COMPANY, | § | Lamar County - 62nd District Court |
| | § | |
| DEFENDANT | § | _____ JUDICIAL DISTRICT |

## PLAINTIFF'S ORIGINAL PETITION

TO THE HONORABLE DISTRICT COURT:

Plaintiff, Sue Greer, hereby files this her Original Petition complaining of Athene

Annuity & Life Assurance Company ("Athene Annuity"), Defendant, as follows:

### I. DISCOVERY CONTROL PLAN

1.      As required by Rule 190, discovery is intended to be conducted under Level 2.

### II. PARTIES AND VENUE

2.      Plaintiff, Sue Greer, is an individual residing in Paris, Lamar County, Texas.

3.      Defendant, Athene Annuity & Life Assurance Company, is an insurance company

doing business in the State of Texas..  It may be served by serving its agent for service of process,

at CT Corporation System, 1999 Bryan Street, Suite 900, Dallas, Texas   75201.

4.      Venue is proper in Lamar County, Texas, because this is the place where

the cause of action arose.

### III. <u>BACKGROUND FACTS</u>

5.      Several years prior to 2016, Jesse Greer took out a fixed rate loan to purchase a house in Brookston, Texas.  The amount of the mortgage was $39,140.32 and he purchased a credit life insurance policy on that mortgage through Athene Annuity.  On February 17, 2016, at approximately 8:00 in the evening, Jesse Greer, Jr., age 71 years, was found floating in a pond. The autopsy showed that he had cadiomegaly with concentric left ventricular hypertrophy and a history of Parkinson's disease.  The cause of death was drowning.  It was the conclusion of tghe medical examiner that the death was an accident.

6.      Thereafter, Sue Greer, his spouse, and the owner of the house and the mortgage as a result of his death, filed a claim with Athene Annuity for the death benefits to pay off the mortgage on the house.

7.      On or about August 29, 2016, Athene Annuity informed Sue Greer that it was not going to pay the claim because:

> "After reviewing the toxicology report from Red River County Justice of the Peace and medical records from Dr. Peter Edenhoffer and Dr. Bacharanianda Muthappa, we have determined that Mr. Greer's death is excluded from coverage under the Accidental Death Insurance based upon the above provision of the policy.  The toxicology report shows that the 'level of alprazolam at autopsy was within the lethal range,' well above what would be expected had he been taking the alprazolam in the dosage prescribed by his physician."

8.      First, Athene Annunity's statement to Mrs. Greer was an untrue statement of a material fact.  Second, the statement demonstrates that Athene's has refused to pay a claim without conducting a reasonable investigation with respect to the claim.

9.      Alprazolam, the drug at issue here, is a triazalobenzodiazepine, which is sub category a class of anti-anxiety medications known as the benzodiazepines.  As a matter of

scientific fact, there is, as a practical matter, no such thing as a lethal dose of a benzodiazepine. One of the qualities that differentiates the benzodiazepines from their predecessors, the sedatives, and from other narcotic medication is that they do not suppress respiration and there is no mechanism whereby an overdose of benzodiazepines can cause death.  As a result, fifty times the therapeutic dose will not be lethal.  Fifty times the therapeutic dose will certainly cause other problems associated with benzodiazepine use, but none of those problems involve death.  Indeed, death from the benzodiazepines - while rare - is almost exclusively caused by seizures induced by a traumatic withdrawal from a therapeutic dose.

10.    The actual dose of Xanax (the brand name for alprazolam) found in Jesse Greer's body was within the therapeutic range.  The therapeutic range for Xanax is as high as 10 milligrams per day.  While the dose Jesse Greer took cannot be specifically determined because there is no automatic correlation between the blood level and the dose taken orally due to a variety of factors involving the half-life of Xanax which, while not uniform, ranges from 8 ½ to 14 hours.  However, the dose of Xanax in Jesse Greer's body is most consistent with his taking something between 2 and 4 milligrams of Xanax per day, and having achieved a steady state concentration (which takes about 5 half lives of prescribed use).  Not only is such a dose not lethal but it is well within the therapeutic range.

11.    All of these facts could have been ascertained by Athene by simple consultation with someone schooled in psychopharmacology.  Indeed, all the information set out above could be secured on line by a combination of reference to the official FDA approved label for Xanax and consultation, through the index, of the pharmacokinetics section of a textbook on psychopharmacology.

12.     Athene undertook no such analysis and no such investigation.

13.     On information and belief, the reason Athene did not do so is that Athene is one of those fringe insurers that operates on the edges of legality and it has a policy of denying virtually all of its claims unless and until the policy holder secures a lawyer and goes to war with it.  Reference to the John Grisham novel, "The Rainmaker" and the movie of the same title provides an excellent example of the tactics and strategy of such an insurance company and probably effectively explains the actions of Athene.

14.     The outstanding balance on the mortgage at the time of Jesse Greer's death was approximately $32,000.

15.     Athene's actions constitute a breach of the duty of good faith and fair dealing and violations of the Texas Insurance Code.

16.     Plaintiff seeks actual damages of $32,000, together with punitive damages of $30,000, together with all costs associated with this litigation.  The value of this claim at the time of filing, exclusive of interest and costs, is less than $75,000.

## PRAYER FOR RELIEF

Plaintiff, Sue Greer, respectfully prays that upon final trial, Plaintiff have judgment against Defendant,  Athene Annuity & Life Assurance Company, as follows:

a)     actual damages of $32,000;

b)     punitive damages of $30,000;

c)     all costs of court;

d)     attorney's fees in the amount $10,000.00;

e)     such other and further relief to which Plaintiff shall show herself justly entitled.

Respectfully submitted,

THE MOSHER JUSTICE CENTER


 /s/ Michael D. Mosher
MICHAEL D. MOSHER
STATE BAR NO. 14580100
ROLAND A. MOSHER
STATE BAR NO. 24098147
THE MOSHER JUSTICE CENTER
50 NORTH MAIN
PARIS, TEXAS   75460
(903) 785-4721 TELEPHONE
(903) 785-5319 FAX
mdm@mosherjusticectr.com
ram@mosherjusticectr.com


DATE:  November 16, 2016